### SARAH A. EVANS *vs.* TRIMOUNTAIN MUTUAL FIRE INSURANCE COMPANY.

If a policy of insurance, issued by a mutual fire insurance company, contains a stipulation that "if, subsequent to the making of the application, any new fact shall exist, either by a change of any fact disclosed in the application, the erection or alteration of any building," &c., "by the assured or others, or any change be made not named in the application and specifically permitted by the policy, the policy thereon shall be void, unless written notice be given to the directors, their written consent signed by the secretary obtained, and an additional premium or deposit paid," the policy will be avoided by the erection or alteration of a building upon the premises, without obtaining a written consent signed by the secretary, or paying any additional premium or deposit.

A receiver of an insurance company, appointed by this court, has no power to waive the rules of law in allowing claims offered for proof against the company.

THIS was a claim presented to the receiver, appointed by this court, of the Trimountain Mutual Fire Insurance Company, for a total loss under a policy for $800, upon a dwelling-house, during the year from April 17th 1863 to April 17th 1864. The claim was rejected by the receiver, and the following facts, assented to by the plaintiff, were reported to this court :

At a meeting of the corporation, held before the issuing of this policy, the form of policies was prescribed, and this policy, conforming to the prescribed form, contained upon its face the following condition : " If, subsequent to the making of the application, any new fact shall exist, either by a change of any fact disclosed in the application, the erection or alteration of any building," &c., " by the assured or others, or any change be made not named in the application and specifically permitted by the policy, the policy thereon shall be void, unless written notice be given to the directors, their written consent signed by the secretary obtained, and an additional premium or deposit paid." In

February 1864 Mrs. Evans desired to alter and enlarge **the** building insured, by the addition of a story to a part of it; and her husband, as her agent, took the policy to the office of the defendants, and informed the secretary and one of the directors, and, after some conversation, the alteration was consented to by them. These officers were under the impression that the consent ought to be signed by the president, and the secretary, accordingly, wrote upon the second leaf of the policy, and after the signatures, the following: " Boston, February 25, 1864. Permission is hereby given to the within insured to occupy the dwelling, insured by policy No. 1084, by mechanics, for the purpose of making such improvements and alterations as she may think necessary. The risk continues on said property and the policy is not vitiated." The secretary undertook to prepare the above permission, and the policy was left in his hands for that purpose. Mr. Evans left the policy, supposing that the secretary would sign the permission, and that he could receive the policy, with the permission signed by the secretary, upon calling for it within a short time; but he omitted to call for it until after the loss, which was on the 25th of March 1864. Mr. Evans was informed by one of the officers, with whom he conversed, that the secretary " had power to fix it." The permission has never been signed since. No additional premium or deposit was paid or asked for. The officers of the company, who were present at the above interview, understood and consented that Mrs. Evans should go on with the alteration contemplated, without waiting for the permission to be signed.

The case was reserved by *Chapman*, J. for the determination of the whole court.

*T. L. Wakefield*, for the plaintiff. The clause in the policy is to be construed as applicable only to a case where the risk is increased. *Rice* v. *Tower*, 1 Gray, 426. In this case no increase of risk was found, and the fact that no additional premium was required is evidence that there was none. The omission of the secretary to sign the permission was merely a clerical omission fully accounted for, and under the circumstances should not defeat the plaintiff's claim.

*C. Allen,* for the defendants.

BY THE COURT. It has been repeatedly decided that the offi-cers of a mutual insurance company have no power to waive express stipulations of their policies or by-laws, which relate to the substance of the contract, although they may waive such as relate merely to the proof of loss. *Priest* v. *Citizens' Ins. Co.* 3 Allen, 602. *Buffum* v. *Fayette Ins. Co.* Ib. 360. *Abbott* v. *Shawmut Ins. Co.* Ib. 213. *Mulrey* v. *Shawmut Ins. Co.* 4 Allen, 116. *Brewer* v. *Chelsea Ins. Co.* 14 Gray, 203. The present case falls within this principle. The defendants had, by a formal vote, prescribed the form in which their policies should be made. They had thus deliberately determined the liability which they were willing to assume; and their officers could not, without a violation of duty, have undertaken to bind them by a policy issued in a different form. But the plaintiff's policy was in strict con-formity to the prescribed form. She had distinct notice of the conditions on which she could with safety make alterations in her dwelling-house. And she proceeded to make such altera-tions, knowing that she had not complied literally with these conditions. We cannot say that a mutual insurance company, which wishes to prevent the possibility of controversy as to the terms of supplementary agreements, may not provide that it will not be bound by any oral consent, which its officers may give, to a variation in the terms of the liability which it has assumed. This is what the present company has undertaken to do. And although the case, upon the agreed facts, is one of hardship to the plaintiff, the rule of law cannot be varied on that account. And the receiver had no right to dispense with these rules, and determine the case upon principles of equity. See *Worcester Bank* v. *Hartford Ins. Co.* 11 Cush. 265. *Pendar* v. *American Ins. Co.* 12 Cush. 469. *Loring* v. *Manufacturers' Ins. Co.* 8 Gray, 28.